IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **DARRELL K. HARDIE** | * | |
| | * | |
| Petitioner, | * | |
| | * | Civil No. **PJM 12-2643** |
| v. | * | Crim. No. **PJM 12-0364** |
| | * | Crim. No. **JKS 11-0656** |
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| Respondent. | * | |

**MEMORANDUM OPINION**

Darrell Hardie, proceeding *pro se*, has filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Paper No. 48). The Government failed to file a timely response to Hardie's Motion. It has now belatedly filed its Response (Paper No. 52), along with a Motion to File Opposition to Motion to Vacate, Set Aside, or Correct Sentence Out of Time (Paper No. 51). For the reasons that follow, the Court **DENIES WITHOUT PREJUDICE** the Government's Motion to File its Opposition Out of Time (Paper No. 51), and **GRANTS, IN PART,** Hardie's Motion to Vacate, Set Aside, or Correct Sentence (Paper No. 48). Once Hardie files his Motion, the Government – in timely fashion – may file an opposition.

I.

Hardie was charged with a single violation of 18 U.S.C. § 111(a), which prohibits assaulting, resisting, opposing, impeding, intimidating, or interfering with a federal officer engaged in the performance of his official duties. At his request, Hardie was tried before a magistrate judge (Judge Jillyn Schulze) on March 6, 2012, and a jury found him guilty on March 7, 2012. Judge Schulze sentenced Hardie to a five-month prison term, followed by a one-year term of supervised release with various conditions, and imposed a $5,000 fine.

Hardie filed his notice of appeal to this Court on June 29, 2012. Pursuant to Local Rule 302, a defendant tried before a magistrate judge may appeal his conviction to the District Court within ten days from entry of final judgment or sentencing. Within 30 days of docketing of the appeal, the appellant must file a memorandum stating the law, facts, and authorities in support of his appeal. LAR 302(1). "If an appellant fails to file a memorandum within the time provided, the Court may dismiss the appeal." *Id.* Hardie's lawyers failed to file the required memorandum in time, and the Government moved to dismiss his appeal. This Court granted the Government's motion.

Then, on September 4, 2012, Hardie filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Judge Schulze ordered the Government to respond to the Motion within 30 days.[1] This time, the Government failed to file a timely pleading, and now asks this Court to grant it leave to file its Response out of time.[2]

II.

Hardie asserts three bases for relief. First, he asserts that his attorneys rendered ineffective assistance of counsel when they "curtailed [his] testimony." Second, he contends that he was improperly denied his right to an appeal to this Court. Third, he argues that his sentence was increased on the basis of unconstitutional sentencing enhancements. Because Hardie proceeds *pro se*, the Court liberally construes his pleadings and holds them to a less stringent standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Accordingly, Hardie's second contention

---

[1] Although Judge Schulze was initially assigned to Hardie's Motion, the Motion was subsequently transferred to this Court because magistrate judges lack statutory authority to adjudicate post-conviction proceedings without the petitioner's consent. *See United States v. Bryson*, 981 F.2d 720, 721 (4th Cir. 1992) (holding that magistrate judges are without authority to entertain § 2255 petitions unless they obtain consent from the petitioner, even when the case was tried before a magistrate judge).

[2] The Government's request is bold, to say the least, in light of its earlier successful request that the Court dismiss Hardie's appeal for failure to file a timely appellate memorandum. The Government's Motion to File its Opposition Out of Time (Paper No. 51) is **DENIED WITHOUT PREJUDICE**.

is perhaps more appropriately construed as a claim that his lawyers rendered ineffective assistance when they failed to comply with the timing requirements for filing Hardie's appellate memorandum.

As this Court has previously stated,

> [c]laims of ineffective assistance of counsel are governed by the two-part test outlined in *Strickland v. Washington*, 466 U.S. 668 (1984), which requires a showing (1) "that counsel's performance was deficient," and; (2) "that the deficient performance prejudiced the defense." *Id.* at 687. Representation is deficient if it "falls below an objective standard of reasonableness." *Id.* at 688. A showing of prejudice requires "that counsel's errors were so serious as to deprive the defendant of a fair trial ... whose result is reliable," *id.* at 687, and that there was a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Put differently, "[t]he benchmark of an ineffective assistance claim must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686.

*Higgs v. United States*, 711 F. Supp. 2d 479, 501-02 (D. Md. 2010).

"[A] presumption of prejudice applies when an attorney's deficient performance deprives the defendant of an appeal." *United States v. Poindexter*, 492 F.3d 263, 268 (4th Cir. 2007). Thus, the Court finds that Hardie was prejudiced because of defense counsel's failure to comply with the Local Rule. Regardless of Hardie's likelihood of success on appeal, it is clear that his right to appeal "cannot be thwarted by attorney error." *Id.* at 273.

Accordingly, the Court will **GRANT IN PART** Hardie's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Paper No. 48), and permit him to appeal the conviction and sentence to this Court. The rest of his Motion to Vacate will be **DENIED WITHOUT PREJUDICE**. His conviction and sentence will remain in place for now. *Cf. United States v. Peak,* 992 F.2d 39, 42 (4th Cir. 1993) (awarding relief after Fourth Circuit determined that counsel's failure to file a notice of appeal constituted constitutionally ineffective assistance of counsel). The Government's Motion to File its Opposition Out of Time (Paper No.

51) is **DENIED WITHOUT PREJUDICE**.  Once Hardie has perfected his appeal to this Court, the Government may file – in timely fashion – an opposition to the appeal.

A separate Order will **ISSUE**.

/s/
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**November 7, 2012**